**IN THE COURT OF APPEALS OF IOWA**

No. 18-0640
Filed October 24, 2018

**IN THE MATTER OF THE ESTATE OF JOHN PATRICK SHANAHAN,**

**ROBERT JOSEPH SHANAHAN, Executor of the John Patrick Shanahan,**
Estate/Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Monica L. Wittig, Judge.

The executor of an estate appeals the district court's order denying his attorney's request for extraordinary fees. **REVERSED AND REMANDED.**

James E. Goodman, Jr. and McKenzie R. Hill of O'Connor & Thomas, PC, Dubuque, for appellant.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

The executor of the estate of John P. Shanahan appeals a district court order denying his attorney's request for extraordinary fees.

## I.    *Background Facts and Proceedings*

John Shanahan died, leaving a small estate to be distributed under the terms of his will.  His will was admitted to probate, and his brother Robert Shanahan served as executor of the estate.  The estate's value, after deducting life insurance proceeds, was $66,732.  John's home comprised the largest asset.

The executor's attorney facilitated the sale of the home and resolved claims for payment of the mortgage and an outstanding credit card debt.  He filed an attorney-fee application with the district court requesting ordinary attorney fees of $1454.50.  He also requested extraordinary fees of $2575 on the ground that he "performed extraordinary services regarding the sale of the real estate and resolution of the [outstanding] claims . . . and the preparation of fiduciary income tax returns."  The two beneficiaries of John's estate waived their right to a hearing and consented to the extraordinary-fee request.

The district court approved the request for ordinary fees but denied the request for extraordinary fees.  The executor appealed.

## II.    *Denial of Extraordinary Fees*

The executor argues (A) "[t]he plain language of Iowa Code § 633.199 [(2017)] necessitates an award of extraordinary attorney's fees," (B) "[t]he extraordinary services provided . . . genuinely benefited the Estate," and (C) "[c]ounsel for the Estate is experienced, highly competent, and handled the Estate with efficiency."  We will address these arguments together.

Iowa Code section 633.199[1] authorizes payment of extraordinary fees "for actual necessary and extraordinary expenses and services." The provision uses permissive rather than mandatory language, stating "further allowances as are just and reasonable *may* be made by the court." Iowa Code § 633.199 (emphasis added). Under the plain language of section 633.199, the district court was not required to award extraordinary fees.

That said, we are not persuaded by the district court's rationale for denying the extraordinary-fee request. The court stated, "[M]ost of this small estate was passed through beneficiary designation i.e. life insurance." Although life insurance proceeds were used to pay off the credit card debt, the payment was largely a result of the attorney's efforts.

Those efforts are one of the statutory factors for consideration in deciding whether to award extraordinary fees. *See id.* § 633.199(1) (considering "[t]ime necessarily spent by the personal representatives and their attorneys"). Also relevant is "the extent of the services provided." *Id.* § 633.199(2). Significantly, "services in connection with real estate" are defined as extraordinary services. *Id.* § 633.199. Here, in addition to facilitating repayment of the credit card debt, the attorney took steps to sell the real estate and negotiate with the mortgagee. Although the issues were not complex, they were important to the estate, as reflected by the beneficiaries' consent to counsel's request for extraordinary fees. *See id.* § 633.199(3).

---

[1] Because the estate was less than $100,000, the probate petition could have been filed under Iowa Code chapter 635, which applies to small estates. But, "[u]nless otherwise provided in" chapter 635, "the provision of chapter 633" still apply. Iowa Code § 635.1.

We recognize a court is not "bound to accept the fees consented to by the beneficiaries." *In re Estate of Schuster*, No. 03-2067, 2004 WL 2579231, at *2 (Iowa Ct. App. Nov. 15, 2004). But, here, despite the absence of significant resources, experienced counsel resolved the outstanding claims to the satisfaction of the beneficiaries and apparently without the assistance of a real estate agent. *See* Iowa Code § 633.199 (4), (5), (6). His services were "in character and amount beyond those usually required" for an estate of this size. *In re Estate of Bockwoldt*, 814 N.W.2d 215, 224 (Iowa 2012) (citation omitted).

We conclude the court's reliance on the insurance proceeds as grounds for denying the extraordinary-fee application amounted to an abuse of discretion. *Id.* at 222. We reverse the denial of the application and remand for entry of an extraordinary-fee award in the requested amount.

**REVERSED AND REMANDED.**